## 63525. WILEY v. WILLIAMS.

Deen, Presiding Judge.

The plaintiff Williams as administratrix c.t.a. of the estate of her decedent received notice of a tax sale of property of the estate on June 4, 1980, apparently to one Wiley. She alleges that she tendered the necessary redemption amount under Code Chapter § 91A-4 (former Code Chapter § 92-83) which was refused and thereafter filed suit to compel defendant Wiley to execute a quitclaim deed back to her. The defendant refused to do so and countersued for rents collected by the plaintiff on the property in the interim. Plaintiff tendered the sum allegedly owing into court and amended seeking damages for slander of title and injunction.

The court after hearing disposed of the original complaint by ordering the defendant to execute a tax deed as prayed for upon receipt of the fund tendered into court. He further granted a temporary injunction against sale of the property "until all matters relating to the counterclaim for rents filed by the defendant and the amended complaint filed by the plaintiff alleging slander of title have been resolved by order of this court after proper hearing." It is thus obvious that the case is still pending in the trial court.

Where there is no final judgment and the cause is still pending, the appeal is premature and must be dismissed. Code § 6-701(a)1; *Weldon v. Southeastern Fidelity Ins. Co.,* 157 Ga. App. 698 (278 SE2d 500) (1981).

*Appeal dismissed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 11, 1982.

*Michael D. Marburger,* for appellant.
*Cletus W. Bergen II,* for appellee.